**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KATRINA HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-3656-BAH |
| ANDREW BRENNER ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Plaintiff Katrina Harris ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted. Plaintiff also filed a motion for a temporary restraining order and protective order, ECF 3, which shall be denied.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Plaintiff's

complaint will be dismissed for failure to state a cognizable claim for relief and for lack of subject matter jurisdiction.

Plaintiff brings suit against numerous state court officials, judges, and others for alleged violations of Title 18, the United States Criminal Code. *See* ECF 1. She appears to seek to bring criminal charges against these individuals "because the state court registry has been actively utilized to harbor fraudulent instruments against a deceased individual, and the execution of an extrajudicial lockout based on an unratified, non-compliant foreclosure action constitutes a total deprivation of due process." *Id.* at 5 ¶ 3. She cites Case No. C-03-CV-25-000010, a case docketed in the Circuit Court of Mayland for Baltimore County. *See id.* at 5. The Court takes judicial notice of this action, which appears to be a foreclosure action against Sheila M. Byrd AKA Sheila Miranda Byrd (deceased) in which Plaintiff, Katrina Harris, intervened. *See Brenner et al. v. Byrd*, Case No. C-03-CV-25-000010 (Cir. Ct. Md. for Balt. Cnty. filed Jan. 2, 2025), available at https://casesearch.courts.state.md.us/casesearch/. An order ratifying the sale of that property was entered on June 16, 2025. *See id.*

In this suit, Plaintiff alleges that an unidentified "Target did knowingly, willfully, and without lawful authority possess, transfer, and use a means of identification belonging to another living person, specifically the Intervenor-Petitioner [Plaintiff], to fabricate court records and mimic appearances." ECF 1, at 6. She purports to bring claims for aggravated identity theft and exploitation of a deceased person (count I), interstate notary fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343 (count II); bank, mortgage, and lending program fraud, 18 U.S.C. §§ 1344, 1014 (count III); robotic signing, fraud, document alteration, and forgery in violation of 18 U.S.C. §§ 471, 513, 1021 (count IV); obstruction of justice, perjury, and illegal surplus diversion in violation of 18 U.S.C. §§ 1621, 1503, 656, 1956 (count V); void proceedings in violation of due

process (count VI); and unlawful participation by substitute trustee and breach of fiduciary duty under Maryland Rule 14-207 and 18 U.S.C. § 1021 (count VII). *Id.* at 5–7. Plaintiff has not stated a cognizable claim for relief that this Court can redress.

First, most of the causes of action Plaintiff brings are purportedly brought under Title 18, the federal criminal code. To the extent Plaintiff seeks to initiate a criminal prosecution against the defendants, she cannot do so. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Further, as is well established, "[u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *United States ex rel. Angel v. Scott*, 697 F. Supp. 3d 483, 490 (E.D. Va. 2023) (brackets in original) (citing *Brown v. Clements*, No. 15-cv-104, 2015 WL5677296, at *9 (E.D. Va. Sept. 23, 2015)). "Federal rights of action, like substantive federal law, 'must be created by Congress'" by unambiguous statute. *McKenzie-El v. Internal Revenue Serv.*, Civ. No. ELH-19-1956, 2020 WL 902546, at *14 (D. Md. Feb. 24, 2020) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). "A bare criminal statute provides for no express civil remedy." *Scott*, 697 F. Supp. 3d at 490 (quotation and citation omitted).

None of the statutes Plaintiff cites provide a private cause of action. *See Smith v. Bank of Am.*, No. 2:14CV4, 2014 WL 12543910, at *2 (E.D. Va. May 5, 2014) ("The mail fraud statute referenced by Plaintiff[], 18 U.S.C. § 1341, and the wire fraud statute, 18 U.S.C. § 1343, do not provide private causes of action." (citing *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999))); *Com. Builders, Inc. v. Mckinney Romeo Props., LLC*, No. 1:20CV62, 2020 WL 7056294, at *6 (N.D. W. Va. Dec. 2, 2020) ("18 U.S.C. §§ 1343 and 1344 have been

widely held not to create a private right of action."); *Wray v. Tidal Music AS*, No. 3:25-CV-00875-KDB-DCK, 2026 WL 1469899, at *4 (W.D.N.C. May 26, 2026) (same for 18 U.S.C. § 1956 and 18 U.S.C. § 1014), *motion for relief from judgment denied,* No. 3:25-CV-00875-KDB-DCK, 2026 WL 1579222 (W.D.N.C. June 2, 2026); *Sheridan v. Haaland*, Civ. No. 23-01116-JRR, 2024 WL 3454995, at *8 (D. Md. July 17, 2024) (same for 18 U.S.C. § 471); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) ("18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action."), *aff'd,* 525 U.S. 299 (1999), *and overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); *France v. Cnty. of Charleston*, No. CV22300157BHHMHC, 2023 WL 3937522, at *4 (D.S.C. May 16, 2023) (same for 18 U.S.C. § 513), *report and recommendation adopted,* No. CV 2:23-157-BHH, 2023 WL 3934590 (D.S.C. June 8, 2023); *Angelo v. NVR, Inc.*, No. CV 18-523-RGA, 2019 WL 1150565, at *6 (D. Del. Mar. 12, 2019) (same for to 18 U.S.C. § 1021); *Bauer v. Elrich*, 8 F.4th 291, 295 (4th Cir. 2021) ("Section 1621 does not provide a private right of action."); *Richardson v. Toyota Motor Credit Corp.*, No. 4:23-CV-21, 2025 WL 5266132, at *3 n.4 (E.D. Va. Sept. 11, 2025) (same for 18 U.S.C. § 656), *aff'd sub nom. Richardson v. Morich Land Enter., Inc.*, No. 25-2235, 2026 WL 2476008 (4th Cir. Aug. 24, 2026).

Second, to the extent Plaintiff challenges the foreclosure proceedings which resulted in a ratification sale based on alleged constitutional defects or otherwise, under the *Rooker-Feldman* doctrine, "this [C]ourt has no authority to consider allegations and claims related to the propriety of that sale." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, Civ. No. DKC 15-1571, 2016 WL 223040, at *6 (D. Md. Jan. 19, 2016) (citing, e.g., *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 236–37 (4th Cir. 2013)). The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16

(1983) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970)). It "applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 280 (2005)). The following requirements must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. *Exxon Mobil Corp.*, 544 U.S. at 284; *see also Great Western Mining & Mineral Co. v. Fox Rothschild*, LLP, 615 F.3d 159, 166 (3d Cir. 2010) (noting that the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim). If these factors are met, as they are here, the *Rooker-Feldman* doctrine "require[s] 'dismiss[al] for want of subject-matter jurisdiction.'" *T. M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668, 678–79 (2026) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citations omitted). "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)

(holding that a federal claim is "inextricably intertwined" where "in order to grant the federal . . . relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual") (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))). Plaintiff's claims that the foreclosure proceedings violated her constitutional rights are therefore barred by the *Rooker-Feldman* doctrine. *See Curley*, 409 F. App'x at 680. As is her claim for breach of fiduciary duty. *See Wilson v. SunTrust Bank*, No. 3:11-CV-580, 2012 WL 3278821, at *3 (W.D.N.C. Aug. 10, 2012) (dismissing breach of fiduciary duty claim against substitute trustee to state court foreclosure proceedings under the *Rooker-Feldman* doctrine).[1]

For the reasons stated above, Plaintiff has not stated a cognizable federal claim for relief, and this Court lacks subject matter jurisdiction over the complaint. As such, it must be dismissed. *See Morales v. Richardson*, 841 F. Supp. 2d 908, 913 (D. Md.) (citing *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 196 (4th Cir. 2008)) (noting that the district court may sua sponte consider and rule on the question of subject matter jurisdiction), *aff'd,* 475 F. App'x 894 (4th Cir. 2012); *see also Samson v. Tyler*, Civ. No. JKB-22-1200, 2022 WL 3106950, at *2 (D. Md. Aug. 3, 2022) (sua sponte dismissal of a civil rights complaint brought against state court judge and opposing counsel); *cf. Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir.

[1] Even if this Court could hear the breach of fiduciary duty claim, Plaintiff's allegations would not suffice to state a claim for relief. In Maryland, "[t]o establish a breach of fiduciary duty, a plaintiff must demonstrate: (1) the existence of a fiduciary relationship; (2) breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." *Plank v. Cherneski*, 469 Md. 548, 231 A.3d 436, 442 (2020). Plaintiff's allegations for this claim consist of: "The Substitute Trustee actively and unlawfully participated in the execution of a foreclosure action by filing facially defective, incomplete, and robot-signed instruments that failed to comply with Maryland verification rules." ECF 1, at 7 ¶ 16. Plaintiff's bare allegations do not meet the elements of the claim as she does not tie the alleged breach—the "fail[ure] to comply with Maryland verification rules"—to any harm suffered by her.

2021) (affirming district court's sua sponte dismissal because plaintiff could not plausibly allege a constitutional violation so dismissal without notice was harmless). Because Plaintiff has not stated a cognizable claim for relief over which this Court may exercise jurisdiction, the motion for a temporary restraining order, ECF 3, must also be denied. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (listing likelihood of success on the merits as one of the four factors that must be met to warrant preliminary injunctive relief).

Accordingly, it is this 27th day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;
2. Plaintiff's motion for a temporary restraining order and order of protection, ECF 3, is DENIED;
3. Plaintiff's complaint is DISMISSED for failure to state a cognizable claim for relief and for lack of subject matter jurisdiction; and
4. The Clerk SHALL PROVIDE a copy of this memorandum and order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge